## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWIN R. BANKS, | ) | |
| | ) | Civil Action No. 5:20-CV-0565-LCB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XAVIER BECERRA, in his official | ) | |
| capacity as Secretary of the | ) | |
| U.S. Department of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF MCARTHUR ALLEN

Pursuant to 28 U.S.C. § 1746, I, McArthur Allen, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am the Chief Administrative Law Judge for the Office of Medicare Hearings and Appeals (OMHA) within the Department of Health and Human Services (HHS or Department), which is located within the Office of the Secretary. I have held this position since November 8, 2020. Among my duties, I oversee the third level of administrative review for individual Medicare claim and entitlement appeals within HHS, which is also known as the Administrative Law Judge (ALJ) level of review.

2. This Declaration is based on personal knowledge, information contained in agency files, and information furnished to me in the course of my official duties.

3. An attorney for the HHS Office of the General Counsel requested that OMHA provide the number of ALJ decisions issued in the last two years (i.e., September 1, 2019 – September 1, 2021) in beneficiary appeals that were not fully favorable or were dismissed on procedural grounds.

4. OMHA compiles this information by fiscal year, which is October 1 through September 30.

5. OMHA compiled the following information on the number of ALJ decisions rendered in appeals filed by Medicare beneficiaries, for fiscal years 2020 and 2021:

| Decision Type: | FY21 # | FY20 # |
|---|---|---|
| Partially Favorable | 165 | 165 |
| Unfavorable | 2,486 | 2,299 |

6. For fiscal years 2020 and 2021, combined, there were 5,115 partially favorable or unfavorable ALJ decisions for appeals filed by Medicare beneficiaries (ALJ decisions).

7. In order to compile the ALJ decisions, an employee of the OMHA Headquarters Appeals Policy and Operations Division (APOD) would need to locate the appeal number for each decision, run a query with that appeal number, and then download the decision.

8. There is no mechanism in the system to download all the ALJ decisions at once.

9. There are four legal administrative staff members (e.g., legal assistants and legal administrative specialists) in APOD.

10. Compiling the ALJ decisions would be a considerable burden on OMHA Headquarters.

11. I estimate it would take the entire legal administrative staff six weeks to compile the requested ALJ decisions, or nearly 1,000 hours

12. In order to compile the ALJ decisions, the legal administrative staff members would have to be taken off their regular duties, including processing appeals. This would delay the resolution of an untold number of administrative appeals.

13. OMHA is complying with a November 1, 2018 mandamus order from the United States District Court for the District of Columbia in *American Hospital Ass'n v. Becerra*, No. 14-cv-851, to meet certain annual backlog reduction targets and to eliminate the backlog entirely by the end of fiscal

year 2022. Reassigning legal administrative staff to prioritize this discovery impacts OMHA's backlog reduction efforts.

14. The requested ALJ decisions will include claims under Medicare Parts A, B, C, and D as well as Medicare Secondary Payer and Medicare entitlement and premium appeals and include a wide range of benefit types, each of which implicates a specific statutorily defined benefit category, set of coverage rules, set of payment rules, and liability implications, most of which are not germane to Plaintiff's request.

15. Each of the requested ALJ decisions contains sensitive personally identifiable information (PII) and protected health information (PHI) about a Medicare beneficiary, including the beneficiary's medical diagnosis and treatment, last name, and a truncated Medicare number. Some beneficiary decisions may also contain federal tax information (FTI). The PII, PHI, and FTI data elements are entitled to protections because their unauthorized disclosure could cause harm to the associated individual. Accordingly, any reproduction of the requested decisions outside of the normal appeals process creates an additional risk of potential breach and consequent harm. Alternatively, their reproduction would require extensive redaction pursuant to HHS's obligations under 5 U.S.C. § 552a,

further adding to the considerable administrative burden by many hundreds more hours.

Executed on October 18, 2021, in Arlington, Virginia.

*McArthur Allen*

McArthur Allen