IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EDWIN R. BANKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-0565-LCB |
| ALEX AZAR, | ) OPPOSED |
| Defendant. | ) |

### EDWIN BANKS' REPLY ON DISCOVERY MOTION

Mr. Banks motion for discovery should be granted. At a high level, the Secretary conducts secret proceedings that result in secret decisions. The Secretary then makes statements about how various statutes/regulations are applied in the secret decisions. By sheer coincidence, one of the secret decisions is uncovered that contradicts the Secretary's claims. Now, the Secretary argues that this Court may not order discovery to identify more decisions that rebut the Secretary's statements, that the Secretary's statements about the secret decisions should be credited (notwithstanding an actual secret decision that is inconsistent) and anything that discredits the Secretary is not relevant, and that it is too much work to gather evidence demonstrating that the Secretary's representations are not correct.

The Secretary's position is without merit and discovery should be allowed.

## BACKGROUND

In the wake of the Eleventh Circuit's remand of this matter, it was apparent that discovery would be needed given the Secretary assertions and the fact that they did not match the reality Banks' counsel was aware of from other cases. Accordingly, Banks' counsel sought to work with the Secretary to fashion discovery that would bear on the issue in the least burdensome way. The Secretary did not substantively respond on how to narrow discovery but instead just declined to provide any discovery.

Lacking information on how the decisions could be copied and seeking to avoid a records custodian deposition, Banks' counsel fashioned a proposed document request that captured the requested information while avoiding the need for any review by the Secretary and placing all the burden on Banks. Having failed to substantively respond to counsel's offer to work with the Secretary to minimize burden, the Secretary's opposition is founded, in part, on the idea that Banks' guesses about storage were not correct. In support of this charge, the Secretary offers a declaration from McArthur Allen alleging information not previously disclosed.

Banks has also inquired about details of the numbers offered in the Allen' declaration and in the Secretary's brief but has received no response. Likewise, contemporaneous with the filing of this reply, Banks has requested that Mr. Allen be made available for deposition but has received no response from the Secretary.

## I. DISCUSSION

### A. This Court Can Order Discovery/ The Discovery Seeks Relevant Information

As an initial matter, the remand from the Eleventh Circuit cited the evidence of the Holt decision and its relevance/role in rebutting the Secretary's contentions and a "central factfinding" of *Prosser*. *Banks v. Becerra*, 2021 WL 3138562 at *4 (11th Cir. July 26, 2021). The Eleventh Circuit then remanded for "consideration of supplemental evidence submitted by the parties as appropriate." *Id.* Thus, as contemplated by the Eleventh Circuit, the decision in *Holt* was relevant to factfinding on the jurisdictional issue. Further, the Eleventh Circuit apparently contemplated that there would be additional evidence for this Court to consider in making a factfinding. That additional evidence is exactly what Banks has been seeking.

The Secretary's claim that discovery is "not available" or "not permitted" under 42 U.S.C. § 405(g) (Opp. at 6-7) is simply not true. As even the Secretary acknowledges, all the cases have held is that discovery is "generally" not permitted because, generally, a reviewing decision should be based on the administrative record.

Nevertheless, when an issue arises which goes beyond the merits of the decision under review itself, then discovery has been allowed.

3

The Secretary's contention that discovery may be ordered "only" on a "strong showing of bad faith or improper behavior" by the agency (Opp. at 7) is not correct and the Supreme Court has never held that. Instead, in *Dept' of Commerce v. New York*, 139 S.Ct. 2551 (2019), the Supreme Court said the same thing many other courts have – discovery is not "ordinarily" available but there are exceptions. *Id*. at 2573. One recognized exception is alleged bias but no court has ever held that that is the *only* circumstance where discovery may be appropriate in cases arising under § 405(g).

In Banks' case, the discovery goes to something other than the merits of the decision under review (or the "motivation" for it) – the Secretary's contention as to how he has been applying the relevant financial liability statutes/regulations and allegation that Mr. Banks faces no prospect of financial liability on future claims.

Further, as recognized by the Eleventh Circuit, the discovery sought is relevant. Regardless of the Secretary's arguments on how the statutes/regulations *should be applied*, the discovery addresses the issue of how the Secretary has *actually been applying* them. That goes to the heart of the jurisdictional factfinding issue and the existence of *Holt* (and other cases like it) has a tendency to make it more likely that Banks faces personal liability on future claims. Banks' ability to rebut the Secretary's assertions should not be dependent solely on the coincidence that Banks' counsel represents others and has evidence independent of these

4

proceedings.  Stated differently, the Secretary should not be able to make assertions while concealing relevant evidence that would rebut his claims.

All of the Secretary's other arguments that ALJ decisions are not "binding", that this Court should follow *Prosser* (distinguished by the Eleventh Circuit itself), etc. (Opp. at 11-17) simply fly in the face of the actual decision in *Holt* and are reliant on the Secretary withholding information that would contradict his assertions. Regardless of how the Secretary contends the statutes/regulations should be read, *Holt* shows what has actually happened to someone in Banks' position.  Thus, the discovery is relevant.

This Court has the power to order discovery and should do so and the discovery sought is relevant.

**B.    Alleged Burden**

As to the alleged burden by the Secretary, the arguments and information presented in the Secretary's opposition are the first time the Secretary has ever offered this information.  Having failed to substantively participate in efforts to craft discovery that minimizes burden, the Secretary should not now be heard to complain that discovery requests based on guesses of how things are stored is burdensome.

That said, Banks responds to the Secretary's arguments as follows.

With regard to how documents are stored and the mechanics of copying them, given the representations of the Allen' declaration, the appropriate response is to

5

schedule either a deposition of Mr. Allen or a FED.R.CIV.P. 30(b)(6) of a records custodian. Such a deposition would be expected to identify ways in which any alleged burden of actually copying decisions could be minimized.

Indeed, the Allen declaration is notable both for what it says and for what it does not say. The Allen declaration describes personnel running "queries" on individual appeals. That suggests that the appeal decisions are stored in a database. However, the Allen declaration does not state why an IT person cannot make broader queries or provide any estimate of alleged costs of doing so. This is what IT people are paid to do and certainly could be accomplished in less than "1,000 hours."

Second, it is not clear what the time/burden estimates of the Allen declaration relate to. On its face, the Allen declaration appears to contemplate people individually pulling up decisions and then reviewing them for redactions. Allen Declaration at ¶¶ 11-15. However, Banks' proposal is for production under a blanket protective order so that no review would be needed. Indeed, Banks proposed limiting the production to only partially favorable or unfavorable decisions (not dismissed on procedural grounds) because he understood that the Secretary had already identified those decisions. However, if it lessens alleged burden, then all decisions (favorable, unfavorable, partially favorable, dismissed on procedural grounds) could be produced. There is nothing in the Allen declaration indicating

why an IT person could not issue a database query and copy all of the information in a very short period of time.

Third, the actual numbers provided do not appear to be correct. As set forth on the Secretary's own website, in FY2019, the Secretary reported a total of 5,148 beneficiary appeals to ALJs from Medicare Parts A, B, C, and D (and related SSA appeals).[1] Simultaneously, the Secretary reports that 28% of the appeals were either unfavorable or only partially favorable (excluding procedural dismissals).[2] That means, at the largest, the potential pool of FY2019 ALJ decisions is 1,441. But, of course, this is all decisions - including appeals related to SSA benefits (which would not be relevant), and Medicare Parts A (hospital coverage) and D (drug coverage) which could not address financial liability for "durable medical equipment." Again, Banks request was crafted to avoid the need for review by the Secretary (to exclude Parts A, D, or SSA, for example) and any burden of review would fall on Banks. Thus, if limited to only Part B and Part C decisions, the total would be expected to be lower (how much lower is unknown to Banks but is available to, and not disclosed by, the Secretary).

---

[1] https://www.hhs.gov/about/agencies/omha/about/current-workload/beneficiary-appeals-data/index.html

[2] https://www.hhs.gov/about/agencies/omha/about/current-workload/decision-statistics/index.html

For FY2020/FY2021, the Secretary has not revealed how many beneficiary appeal decisions were issued but, on the same website, has revealed that the partially favorable/unfavorable (excluding procedural dismissals) rate was 33%. In other litigation, the Secretary has reported that the FT2019 and FY2020 workload were comparable. *See American Hospital Assoc. v. Becerra*, Case No. 14-cv-851 (D.D.C. Boasberg, J.), Dkt. #103 (Exhibit #1) (OMHA decision statistics through September 28, 2021).[3] Thus, the numbers reported in the Allen' declaration would represent a more than a 70% increase in responsive decisions and do not appear to match what is reported elsewhere. Again, the Secretary could either substantively participate in discussions of how to proceed with discovery or a deposition could be ordered.

As to claims regarding QIC/IRE decisions and the Medicare Appeals System (MAS), just like ALJ decisions, with appropriate depositions/discovery, the corresponding documents could be identified and tailored. It is publicly reported that MAS is based on commercially available databases (Seibel, Oracle, Cognos)[4] and there is no representation why an IT person could not run a simple query and copy the information in a very short period of time.[5]

---

[3] Referenced in the Allen declaration at ¶ 13.

[4] https://www.healthcareitnews.com/news/cms-develop-national-medicare-appeals-system

[5] Indeed, Banks' counsel intends to electronically search any produced documents.

At the end of the day, the Secretary cannot explain how *Holt* and the Manual provisions are consistent with the Secretary's claims to this Court. Simultaneously, the Secretary withholds the evidence that would rebut the Secretary's assertions. Additionally, the Secretary fails/refuses to participate in efforts to minimize burden but claims burden in any event.

Banks' motion should be granted.

**C.     Alternatives to Discovery**

As set forth in Banks other papers one alternative to discovery is simply to credit Banks' position on personal liability and reject the Secretary's. The Secretary should not be heard to make assertions about secret decisions while concealing the evidence that would rebut them. Stated alternatively, the Secretary's refusal to produce the "strong evidence" of the decisions, creates an adverse inference that the decisions do not support the Secretary's position and, having failed to rebut that inference, the matter should be deemed established. *See, e.g., TransUnion LLC v. Ramirez,* 141 S.Ct. 2190, 2212 (2021) (*citing Interstate Circuit v. U.S.*, 306 U.S. 208, 226 (1939) ("The production of weak evidence when strong is available can lead only to conclusions that the strong would have been adverse. Silence then becomes evidence of the most convincing character.", cleaned up)); *U.A.W. v. N.L.R.B.*, 459 F.2d 1329, 1336-38 (D.C. Cir. 1972).
9

## II. CONCLUSION

At base, the Secretary wants to offer arguments and statements about what goes on in secret decisions while withholding the evidence that would rebut his claims. That approach is barred.

Either discovery should be allowed (presumably starting with depositions) or Mr. Banks' position on personal liability should be deemed established.

/s/Robert R. Baugh
Robert R. Baugh

**OF COUNSEL:**
**DENTONS SIROTE PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel:   205-930-5307
robert.baugh@dentons.com

-AND-

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
james@dparrishlaw.com

**Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2021 I filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all counsel of record in this case.

/s/Robert R. Baugh
OF COUNSEL
