IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| EDWIN R. BANKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:20-cv-0565-LCB |
| ALEX AZAR, | ) OPPOSED |
| Defendant. | ) |

**EDWIN BANKS' SUPPLEMENTAL REPLY ON DISCOVERY MOTION**

In his reply on his motion for discovery, Mr. Banks noted that the Secretary had offered a declaration but had not responded to a request to depose the declarant. *See* Doc. 69. Ultimately, the parties met and conferred on October 29, 2021, and the Secretary both refused to withdraw the declaration or to make the declarant available for deposition at this stage of the proceedings. Further, on its face, the declaration lacks indicia of reliability and is merely conclusory. The declaration should be stricken.

## BACKGROUND

In opposition to Bank's motion for discovery, the Secretary offered a declaration from McArthur Allen, the Chief Administrate Law Judge of OMHA. *See* Doc. 69-5. The declaration does not indicate that ALJ Allen has a technical

background of any kind, personal familiarity with how the Medicare Appeals System (MAS), the Electronic Case Adjudication and Processing Environment (ECAPE), or the ALJ Appeal Status Information System (AAIS) actually store the information, or what their capabilities are. Nevertheless, ALJ Allen opines "There is no mechanism in the system to download all ALJ decisions at once." Doc. 69-5 § 8.

During the meet and confer held on October 29, 2021, the Secretary's counsel confirmed that, at least, the MAS is stored in an Oracle database but also contend that there was no way to query the Oracle database other than by individual appeal numbers. When asked where this information came from, the Secretary's counsel offered that it was an unnamed "data person." During the meet and confer, the Secretary's counsel refused to withdraw the Allen declaration or make ALJ Allen available for deposition about the declaration at this time.

## DISCUSSION

Obviously, there is a fundamental fairness problem with accepting evidence while not affording the party against whom it is offered an opportunity to challenge it. The Eleventh Circuit has characterized such an approach as "bizarre" and "not proper." *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1037 n. 11 (11th Cir. 1987) ("The proceedings in the district court took a bizarre turn when the court accepted the affidavits of the EMS employees in support of the defendant's motion for summary judgment, yet refused to permit the plaintiffs to depose those

2

same individuals. That is not a proper practice.") (cleaned up). Thus, if the declaration is to be received, Banks should be afforded an opportunity to challenge the evidence offered against him by deposing the declarant.

In addition, on its face, the declaration lacks indicia of reliability, is merely conclusory, and therefore should be stricken. Fundamentally, ALJ Allen does not establish that he has any personal knowledge of how the requested information is stored, identify from whom he gathered any such information, or offer anything about how the information is actually stored. Thus, ALJ Allen's statement that decisions can only be retrieved individually lacks indicia of reliability and is merely conclusory.

As detailed above and in Banks' other papers, it is now admitted that the relevant decisions are stored in a database(s) (specifically an Oracle database for the MAS). Database systems, such as Oracle, are comprised of two parts: 1) the underlying database; and 2) the user interface. Queries to the underlying database can either be made in two ways. First, a query may be made directly using something called Structured Query Language (SQL, "Sequel"). Though a standard interface used by IT people for nearly fifty years,[1] using this approach requires knowledge of the database structure and how to write queries that is beyond the lay user. Using

---

[1] https://en.wikipedia.org/wiki/SQL#History

3

this approach, in minutes, an IT person can create any query they want and can return any number of records they desire, including all the records in the database. Descriptions of, and tutorials on, how to do this are common.[2]

The other method of making queries is through a "user interface." This is what lay people see when they work with a database. A user interface has screens with fields that the user can fill out to make a query. The information entered by the user is then reformatted by the computer into an SQL query that it sent to the database. The results of the query are then reformatted into screens that the user actually sees. Thus, a user interface allows lay people to issue complex SQL queries without knowing anything about SQL or even that SQL is being used.

Typically, user interfaces limit end user's ability to issue queries in a variety of ways in order to prevent misuse or overloading of the system. Conversely, an IT person directly issuing SQL queries is not so limited.

With regard to MAS and the Oracle database, it is publicly reported that CGI Federal is the IT company that developed the MAS and also supports it on an ongoing basis.[3] Thus, CGI would be able to issue direct queries to the database and would also develop user interfaces to help lay people do the same. Banks assumes

---

[2] https://www.oracletutorial.com/oracle-basics/oracle-select/
[3] https://www.cgi.com/en/news/central-federal-government/cgi-wins-dollar34-4m-contract-at-cms-center-for-program-integrity

4

that ALJ Allen is only reporting what he sees/knows as a lay user and not the actual capabilities of the database that someone from CGI would know.  As such, ALJ Allen has not demonstrated that the requested decisions cannot be efficiently gathered by IT personnel through an SQL query, which can be accomplished with minimal effort.

## CONCLUSION

Either the Allen's declaration should be stricken or Banks should be afforded the opportunity to depose Allen and/or the appropriate IT people about the ability to retrieve the decisions.  The Secretary should not be able to offer evidence while at the same time preventing Banks from challenging it.

/s/Robert R. Baugh
Robert R. Baugh

**OF COUNSEL:**
**DENTONS SIROTE PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel:   205-930-5307
robert.baugh@dentons.com

-AND-

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
james@dparrishlaw.com

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 29, 2021 I filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all counsel of record in this case.

                                                 /s/Robert R. Baugh
                                                 OF COUNSEL